[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13699

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

QUINTON PAUL HANDLON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:13-cr-00145-JES-MRM-1

_____

Before ROSENBAUM, GRANT, and ED CARNES, Circuit Judges.

PER CURIAM:

Quinton Handlon appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court erred because his father's poor health and need for a caregiver constituted an extraordinary and compelling reason to justify a sentence reduction. Because Handlon has failed to show that he is eligible for compassionate release, we affirm.

## I.

Handlon sexually abused his minor niece for years when she was between the ages of eleven and fifteen years old. *See* Presentence Report ¶¶ 13–19. He demanded that she send him explicit pictures, pressured her into engaging in sexual activity with him, and discussed over email a "business plan" to feature her pictures and videos on an "Adult web site." *Id.* ¶19. Upon Handlon's arrest, law enforcement seized more than 140 pornographic photos and three pornographic videos of his niece from multiple devices at his residences and on his person, including a thumb drive in his pocket containing naked pictures of his niece when she was eleven years old. *Id.* ¶¶ 21–28.

After a four-day jury trial, Handlon was convicted of producing child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e); coercing and enticing a minor to engage in sexual activity for the production of child pornography in violation of 18 U.S.C. § 2422(b); and possessing child pornography in violation of

18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2). *Id.* ¶¶ 2–5. Handlon was sentenced to life on the coercion and enticement count, and to concurrent sentences of 360 months and 120 months on the production and possession counts.

Now incarcerated, Handlon filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), contending that his eighty-five-year-old father had been diagnosed with lung cancer and "need[ed] help." Handlon requested that he be released "to have what time [he had] left with [his] father." The district court denied that motion because Handlon "provided no supporting documentation regarding his father's condition or care, or whether defendant is the only available caretaker."

Handlon tried again, filing what he called a "motion to amend" his earlier motion for compassionate release. Handlon clarified that his father did not have lung cancer. Instead Handlon's father had the following medical conditions, which Handlon documented with a letter from his father's attending medical provider: chronic stage 3 kidney disease, cerebral infarction to embolism of middle cerebral artery, memory impairment, hearing loss, and aneurysm of thoracic aorta. Handlon also purported to "state under oath" that two of his sisters lived in the same town as his father but that "both have children of th[eir] own and I've been told they visit as much as they can but there is no one that can stay with him around the clock."

The district court construed Handlon's "motion to amend" as a motion for reconsideration of the denial of his motion for

compassionate release. The court denied the motion for reconsideration, concluding that "the additional information fail[ed] to support an extraordinary and compelling circumstance for a reduction in sentence and release [of Handlon] to care for his father."

This appeal followed.

## II.

A "court may not modify a term of imprisonment once it has been imposed except" in certain circumstances established by statute or rule. 18 U.S.C. § 3582(c); *see United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). One of those circumstances is known as "compassionate release," *Giron*, 15 F.4th at 1345, which allows a court to reduce a defendant's term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights," where the court has "consider[ed] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable," and found that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Harris*, 989 F.3d 908, 909–10 (11th Cir. 2021).

To award compassionate release, the court must also find that the sentence "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Commission's policy statement on compassionate release requires that the defendant "not [be] a danger to the safety of any other person or to the community."

United States Sentencing Guidelines § 1B1.13(a)(2) (Nov. 2023); *see also United States v. Bryant*, 996 F.3d 1243, 1249 (11th Cir. 2021).[1]

"Because all three conditions — *i.e.*, support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement — are necessary, the absence of even one would foreclose a sentence reduction." *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). The district court did not consider the § 3553(a) factors. It did not decide whether Handlon was a danger to the safety of other people or to the community, so it did not have the opportunity to consider that "pedophiles who have sexually abused children are a threat to continue doing so . . . ." *United States v. Irey*, 612 F.3d 1160, 1214 (11th Cir. 2010); *see also Smith v. Doe*, 538 U.S. 84, 103 (2003) (expressing "grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a class" and stating that "[t]he risk of recidivism posed by sex offenders is frightening and high") (quotation marks omitted); *United States v. Pugh*, 515 F.3d 1179, 1201 (11th Cir. 2008) ("As Congress has found and as we have discussed, child sex offenders have appalling rates of recidivism . . . ."); *Irey*, 612 F.3d at 1215–16 (listing "cases in which serious crimes were committed by those on supervised release" including child pornography and child molestation). Instead the court found that Handlon had failed to satisfy the "extraordinary and compelling

---

[1] The policy statement in effect when Handlon's motion was before the district court used the same language. *See* U.S.S.G. § 1B1.13(2) (Nov. 2018).

reason" condition, which was a sufficient basis to deny Handlon's motion. *See Tinker*, 14 F.4th at 1237–39.

"We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *Giron*, 15 F.4th at 1345. "After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion." *Id.*

When Handlon filed his motion and when the district court reviewed it, the Sentencing Commission's policy statement had identified only four categories of "extraordinary and compelling" reasons that could make a movant eligible for a sentence reduction: (1) the defendant's medical condition, (2) the defendant's age, (3) the defendant's status as the only potential caregiver for a minor child or spouse, and (4) "other reasons" as determined by the Director of the Bureau of Prisons. *See Bryant*, 996 F.3d at 1249–50; U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). That last "catch-all" category did not "grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1247–48; *see also id.* at 1262–65.

Handlon contends that his father's medical condition and the limited availability of other caregivers make Handlon eligible for compassionate release. He asserts that his father is now receiving treatment for kidney cancer. He reasserts that his sisters "have been helping our father as much as they can, but n[e]ither can remain with him." In Handlon's view, the district court should have recognized that his father's "hea[l]th issue's [sic] and living

alone should be considered an [e]xtraordinary or compelling reason to grant Handlon home confinement so he can remain to watch over our father when others are unable to do so."

The government responds that Handlon is not eligible for compassionate release because, at the time his motion was before the district court, the need to care for an incapacitated parent did not fit into any of the four recognized categories of extraordinary and compelling reasons for a sentence reduction. Handlon does not deny that fact. Instead he suggests that, if the incapacitation of a spouse or of a caregiver of a dependent child can justify compassionate release, then the incapacitation of a parent should, too. Handlon argues that "the best int[e]rest of the rule of law" calls for allowing him to be released from his sentence of life imprisonment to assist his siblings with his father's care.

The district court did not err when it determined that Handlon is ineligible for compassionate release because he failed to present an extraordinary and compelling reason for relief recognized by the Sentencing Commission's policy statement. Congress delegated the power to "define 'what should be considered extraordinary and compelling reasons for a sentence reduction'" to the Sentencing Commission, not the courts. *Bryant*, 996 F.3d at 1249 (quoting 28 U.S.C. § 994(t)). A district court is right to reject a rationale for a sentence reduction that "does not fall within any of the reasons that 1B1.13 identifies as 'extraordinary and compelling.'" *Id.* at 1265. Handlon's asserted need to care for an incapacitated parent was not included in the list of reasons the

Sentencing Commission considered to be "extraordinary and compelling," so his motion was properly denied. *See id.*

Since the parties submitted their briefs to this Court, an amendment to the policy statement contained in the relevant guidelines has gone into effect. *See* U.S.S.G. App. C, Amend. 814 (effective Nov. 1, 2023). The newest version of the policy statement includes in its definitions of "[e]xtraordinary and compelling reasons" a circumstance that is closer to the ground Handlon has asserted: "The incapacitation of the defendant's parent when the defendant would be the *only* available caregiver for the parent." *Id.* at 200–01 (emphasis added); *see* U.S.S.G. § 1B1.13(b)(3)(C) (Nov. 2023). Handlon urges us to give effect to that amendment and to accept his father's need for him to act as a caregiver (in addition to his sisters, depending on their availability) as an extraordinary and compelling reason potentially justifying relief.

But we can retroactively apply that amendment in this appeal only if it is a "clarifying" amendment, not if it is a "substantive" amendment. *See United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011). The 2023 amendment to § 1B1.13 altered the text of the guideline itself to allow for compassionate release in a new circumstance. That is a substantive amendment. *See id.* at 1185 ("An amendment that alters the text of the Guideline itself suggests a substantive change, while an amendment that alters only the commentary suggests a clarification.") (citations omitted); *United States v. Summers*, 176 F.3d 1328, 1331 (11th Cir.

22-13699                Opinion of the Court                9

1999) ("[T]he alteration of actual Guideline language strongly suggests that a substantive change was being made."). We cannot give it retroactive effect in this appeal.

The government suggests that Handlon could file a new motion for compassionate release now that the amendment to the policy statement is in effect. It appears that nothing in 18 U.S.C. § 3582 prevents Handlon from doing that. But there was no error in the district court's denial of the motion before the new amendment went into effect.

The district court correctly ruled that Handlon failed to establish that he was eligible for relief under 18 U.S.C. § 3582(c)(1)(A). We affirm the denial of Handlon's motion for compassionate release.[2]

---

[2] Handlon also argues in his reply brief to this Court that he is "factually innocent," and he requests a subpoena to help challenge email evidence used against him at trial "if it is within [this Court's] power to grant" that request. It is not. Handlon's argument that he was improperly convicted is not a recognized extraordinary and compelling reason for a sentence reduction, *see* U.S.S.G. § 1B1.13(b); *Bryant*, 996 F.3d at 1265, nor a proper basis for seeking relief under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("[A] [28 U.S.C.] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence . . . ."); *see also United States v. Amato*, 48 F.4th 61, 63 (2d Cir. 2022) (affirming the denial of a motion for compassionate release where the district court refused to "consider new evidence proffered for the purpose of attacking the validity of the underlying conviction"); *United States v. Fine*, 982 F.3d 1117, 1118–19 (8th Cir. 2020) (affirming the denial of a motion brought under 18 U.S.C. § 3582(c) in part because the movant's argument "that he was actually innocent of his sentence" was properly construed as "an

22-13699                Opinion of the Court                10

**AFFIRMED.**

---

unauthorized successive motion to vacate, set aside, or correct a sentence"). If Handlon — having already filed an unsuccessful motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 — wants to attempt to file a second or successive § 2255 motion, then he "must first obtain authorization from the Court of Appeals." *Telcy v. United States*, 20 F.4th 735, 737 (11th Cir. 2021); *see* 28 U.S.C. § 2255(h).  So far his attempts to do so have been unsuccessful. *See In re Handlon*, No. 23-14069 (11th Cir. Jan. 4, 2024) (denying Handlon's application to authorize the district court to consider his second or successive § 2255 motion).