[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13920

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL A. SIMMONS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:03-cr-21012-CMA-1

_____

Before JORDAN, LAGOA, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Michael Simmons, a federal prisoner, appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c). We discern no error in the district court's order, and thus affirm.

## BACKGROUND

Defendant was indicted in 2003 on multiple counts involving conspiracy to possess with intent to distribute cocaine and crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, conspiracy to use and carry a firearm during and in relation to drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A), possessing and brandishing a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A), and possession of a firearm as a convicted felon in violation of 18 U.S.C. § 924(g)(1) and (e). As described in the Presentence Investigation Report ("PSR"), the indictment stemmed from an encounter between Defendant and Miami-Dade police detectives at a "drug hole" in an open field in Opa Locka, Florida. When detectives approached the field, they saw Defendant carrying an AK-47 style rifle with an extended capacity magazine. Defendant discarded the rifle and attempted to flee, but he was arrested within a few minutes as he tried to pass through a police perimeter. Detectives later found the rifle in a nearby bush, and they seized several dozen baggies of

cocaine, crack cocaine, and marijuana—all packaged for sale—from Defendant and other men arrested on the scene.

Defendant told detectives in a post-arrest statement that he had been in the drug trade for years, and that he was currently working as a gunman for the Opa Locka drug hole. A criminal records check revealed that Defendant was a convicted felon at the time of his arrest.

Defendant pled guilty to all the counts set out above except the § 924(c) count for conspiring to use a firearm during a drug trafficking crime, which the Government agreed to dismiss. The PSR assigned Defendant a base offense level of 26 under USSG § 2K2.1(a)(1) and, following a series of adjustments not relevant to this appeal, set his total offense level at 29. The PSR determined Defendant's criminal history category to be VI because of his career offender status. Applying USSG § 4B1.1(c)(2)(A), the PSR calculated Defendant's recommended guidelines range to be 300 to 308 months. The district court sentenced Defendant to a total of 300 months in prison, comprised of 180 months as to each of the cocaine counts and the felon in possession count and 60 months on the marijuana count, all to run concurrently and to be followed by a consecutive term of 120 months for the § 924(c) count.

Defendant filed a motion in 2019 to reduce his sentence pursuant to § 404 of the First Step Act of 2018 (the "First Step Act"), arguing that he was eligible for a sentence reduction pursuant to the Fair Sentencing Act of 2010 and its modifications to mandatory minimums in cases involving crack cocaine. The district court

denied the motion, and this Court affirmed the denial. *See United States v. Simmons*, 2021 WL 3140300, at *2 (11th Cir. July 26, 2021) (holding that Defendant's conviction under § 841(b)(1)(C) was not a "covered offense" under the First Step Act because the Fair Sentencing Act had not modified the statutory penalties for that subsection).

In September 2022, Defendant filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute authorizes a district court to reduce a defendant's sentence if the reduction is warranted by "extraordinary and compelling reasons" and if it is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and the applicable Guidelines policy statements. *See* 18 U.S.C. § 3582(c)(1)(A)(i).[1] In support of his motion, Defendant argued that he was entitled to compassionate release based on the Supreme Court's decision in *Concepcion v. United States*, 597 U.S. 481 (2022) and this Court's decision in *United States v. Jackson*, 36 F.4th 1294 (11th Cir.), *vacated*, No. 21-13963 (11th Cir. 2022), and *superseded*, 55 F.4th 846 (11th Cir. 2022), *cert. granted*, 143 S. Ct. 2457 (2023). In *Concepcion*, the Supreme Court held that district courts may consider "intervening changes of law" in adjudicating a First Step Act motion. *Concepcion*, 597 U.S. at 484. In *Jackson*, a panel of this

---

[1] Section 3582(c)(1)(A) also authorizes a sentence reduction under certain circumstances if "the defendant is at least 70 years of age" but Defendant does not argue that he qualifies for an age-based sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

Court held that a defendant's prior Florida convictions for sale and possession with intent to sell cocaine were not "serious drug offenses" under the Armed Career Criminal Act ("ACCA") because, applying the categorical approach and assuming the convictions involved ioflupane, ioflupane was no longer a controlled substance under federal law at the time the defendant committed his federal firearms offense. *See Jackson*, 36 F.4th at 1304. Defendant argued in his motion that he potentially would be subject to a shorter sentence after this Court's decision in *Jackson*, warranting a modification to his sentence pursuant to *Concepcion*.

The district court appointed defense counsel to represent Defendant and ordered the parties to brief, among other issues, whether the holding in *Jackson* that a conviction for the sale of cocaine in violation of Florida Statutes § 983.13 did not qualify as a "serious drug offense" under the ACCA was an "intervening change of law" warranting consideration of a sentence reduction for Defendant. Through his newly appointed counsel, Defendant filed a notice indicating that he agreed with the Government that *Jackson* did not constitute an intervening change of law because it had been vacated and superseded by a new decision that no longer supported his argument. *See United States v. Jackson*, 55 F.4th 846, 862 (11th Cir. 2022) (holding that the defendant's Florida cocaine convictions were, in fact, "serious drug offense[s]" under the ACCA). Defendant stated in the notice that he disagreed with this Court's decision in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021) limiting the "extraordinary and compelling" circumstances that authorize a court to grant a sentence reduction under

§ 3582(c)(1)(A) to those circumstances that were, at that time, set out in Application Notes 1(A) through (C) to USSG § 1B1.13—that is, the defendant's (1) serious medical condition, (2) age, or (3) qualifying family circumstances. Nevertheless, Defendant acknowledged that the court was bound by *Bryant*. Based on these submissions, the district court denied Defendant's motion.

Defendant appeals, arguing that the district court erred by denying his motion for compassionate release pursuant to *Bryant*. According to Defendant, *Bryant* has been undermined to the point of abrogation by this Court's *en banc* decision in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023). As discussed below, we do not agree that *Dupree* abrogated *Bryant*. Moreover, given the developments in *Jackson*, Defendant failed to present to the district court any viable basis for granting his motion for a sentence reduction under § 3582(c)(1)(A). Accordingly, we affirm the district court's denial of the motion.

## DISCUSSION

We review *de novo* whether a defendant is eligible for compassionate release under § 3582(c).[2] *United States v. Giron*, 15 F.4th

---

[2] The Government urges us to apply the plain error standard of review, based on Defendant's concession below that *Bryant* was binding on the district court. We decline to do so. Defendant stated in his briefing below that he disagreed with *Bryant*, and he specifically argued that the court should not be limited by the commentary to §1B1.13 when determining whether there were extraordinary and compelling circumstances justifying a sentence reduction in his case. Accordingly, we review *de novo* the district court's ruling on Defendant's eligibility for relief under § 3582(c). *See Giron*, 15 F.4th at 1345.

1343, 1345 (11th Cir. 2021).  Once eligibility is established, we review the denial of a defendant's motion for compassionate release under § 3582(c) for an abuse of discretion.  *See id.*  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous."  *United States v. Harris*, 989 F.3d 908, 911–12 (11th Cir. 2021) (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)).  The abuse of discretion standard allows the district court a "range of choice" that we will not reverse "just because we might have come to a different conclusion had it been our call to make."  *See id.* at 912 (quotation marks omitted).

As amended by the First Step Act, § 3582(c)(1)(A) authorizes the district court to grant a defendant's motion for compassionate release if the court finds that:  (1) "extraordinary and compelling reasons warrant" such relief and (2) the defendant's early release is consistent with the sentencing factors of § 3553(a) and the "applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  When Defendant filed his motion and when the district court reviewed it, the Sentencing Commission's policy statement identified only four categories of "extraordinary and compelling" reasons that could make a movant eligible for a sentence reduction:  (1) the defendant's serious medical condition, (2) the defendant's age, (3) a qualifying family circumstance involving the defendant's status as the only potential caregiver for a minor child or spouse, and (4) "other reasons" as determined by the Director of the Bureau of Prisons.  *See Bryant*, 996 F.3d at 1249–50.

This Court held in *Bryant* that the last "catch-all" category did not "grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id*. at 1247–48 (holding that "1B1.13 is an applicable policy statement for all [§ 3582(c)] motions" and that district courts do not have discretion "to develop other reasons that might justify a reduction in a defendant's sentence" (quotation marks omitted)).

Thus, the policy statement cited above, which was in effect when Defendant filed his motion and when the district court ruled on it, identified three extraordinary and compelling reasons that can authorize a court to grant a motion for compassionate release under § 3582(c). *See* USSG § 1B1.13, comment. n.1(A)-(C) (2021). First, a defendant's medical condition can constitute an extraordinary and compelling reason for release if the defendant can show he is suffering either from a "terminal illness" or a "serious physical or medical condition" that "substantially diminishes [his] ability . . . to provide self-care" in prison and "from which he . . . is not expected to recover." USSG § 1B1.13, comment. n.1(A) (2021). Second, release is permitted under certain circumstances if the defendant is at least 65 years old. *See* USSG § 1B1.13, comment. n.1(B) (2021). And finally, a defendant's family circumstances can create an extraordinary and compelling reason for release based on the "death or incapacitation of the caregiver of the defendant's minor child" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." USSG § 1B1.13, comment. n.1(C) (2021). As noted, *Bryant* held that the "catch-all" allowed the

BOP, but not the court, to determine there are other extraordinary and compelling reasons for a particular defendant's release. *See Bryant*, 996 F.3d at 1263 ("We cannot replace the phrase '[a]s determined by the Director of the [BOP]' with 'as determined by a district court.'").

The district court correctly determined that Defendant did not meet the standard for compassionate release set out in any of the above provisions. Defendant did not allege a serious medical condition, a qualifying family circumstance, or an age-related basis for his release. He argued instead that he qualified for compassionate release because: (1) changes in the law since his conviction would result in a shorter sentence if applied in his case and (2) his post-conviction rehabilitation efforts justified relief. Defendant concedes on appeal, as he did below, that *Bryant* precludes granting his § 3582(c)(1)(A) motion based on those factors. *See Bryant*, 996 F.3d at 1265 ("Because [the defendant's] motion does not fall within any of the reasons that [§] 1B1.13 identifies as extraordinary and compelling, the district court correctly denied his motion for a reduction of his sentence." (quotation marks omitted)).

Nevertheless, Defendant argues he is entitled to relief on appeal because *Bryant* has been abrogated by this Court's *en banc* decision in *Dupree*. As an initial matter, we do not agree that *Bryant* has been abrogated by *Dupree*. *Dupree* held that because the text of USSG § 4B1.2 unambiguously excludes inchoate offenses from the definition of a "controlled substance offense" under that Guideline, it is impermissible to rely on the commentary in Application Note

1 to § 4B1.2 to conclude that an inchoate offense does in fact so qualify. *See Dupree*, 57 F.4th at 1277–79. Consistent with its holding, the Court in *Dupree* expressly overruled any prior precedent holding that the commentary in Application Note 1 constitutes a binding interpretation of § 4B1.2(b). *Id.* at 1280. But *Dupree* said nothing about USSG § 1B1.13, the Guideline at issue in this case. And we cannot conclude based on the very different language of USSG § 4B1.2 and its commentary that *Dupree* precludes the reliance on the commentary to USSG § 1B1.13 that is required by *Bryant*. Thus, under the prior panel precedent rule, *Bryant* remains binding precedent. *See United States v. Dudley*, 5 F.4th 1249, 1265 (11th Cir. 2021) ("Under our prior precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this court sitting *en banc*." (quotation marks omitted)).

Moreover, and even assuming *Bryant* had been abrogated by *Dupree*, the district court's order denying Defendant's motion is due to be affirmed because Defendant failed to present any viable basis upon which to grant the motion. This Court may affirm "for any reason supported by the record, even if not relied upon by the district court." *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (quotation marks omitted). Importantly, it was Defendant's burden to show that his circumstances warranted a sentence reduction under § 3582(c)(1)(A). *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). He clearly did not meet that burden here.

The only "extraordinary and compelling" reasons Defendant offered in support of his motion were:  (1) an intervening change in the law per this Court's decision in *Jackson* and (2) his post-conviction rehabilitation efforts.  As to the first reason, although Defendant's career offender status based on a prior Florida cocaine conviction might have been called into question by this Court's initial decision in *Jackson*, that decision was vacated and superseded by a decision affirming that Defendant's Florida conviction does in fact qualify as a "serious drug offense" for purposes of the ACCA.  *See Jackson*, 55 F.4th at 859–62.  Indeed, Defendant conceded below, and he acknowledges on appeal, that *Jackson* no longer supports his argument.  Defendant argues, for the first time on appeal, that he also is entitled to relief based on changes in the law announced in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and *Terry v. United States*, 141 S. Ct. 1858 (2021).  But Defendant does not explain in any detail why he is entitled to a sentence reduction based on these cases, and he abandoned the cursory argument he makes on appeal by failing to raise it below.  *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (quotation marks omitted)).

Regarding Defendant's second proffered reason for a sentence modification, rehabilitation "is not, by itself, an extraordinary and compelling reason" for a sentence modification.  *See* USSG § 1B1.13(d).  Given that there has not been a change in the relevant

law, and that Defendant does not suggest any other circumstance that warrants a sentence modification in his case, rehabilitation is not a proper ground for granting his § 3582(c) motion.

Finally, we note that the relevant Guideline provisions have been amended since the district court ruled on Defendant's motion. The new version of the policy statement has been moved from the commentary to the text of USSG § 1B1.13, and it includes in its definitions of "extraordinary and compelling reasons" several circumstances that go beyond what is contemplated by *Bryant* and that are closer to the grounds Defendant asserted in his motion. *See* USSG § 1B1.13(b)(5) and (6) (November 2023) (authorizing the district court to consider "other reasons" that may justify a sentence reduction, as well as a "change in the law" under certain circumstances). We cannot retroactively apply that amendment in this appeal, however. *See United States v. Handlon*, 97 F.4th 829, 833 (11th Cir. 2024) (explaining that the 2023 amendment to USSG § 1B1.13 is a "substantive" amendment rather than a "clarifying" amendment and, as such, it cannot be applied retroactively on appeal).

In short, the district court did not err when it determined that Defendant was ineligible for compassionate release because he "failed to present an extraordinary and compelling reason for relief recognized by the Sentencing Commission's policy statement." *See id.* at 833. As this Court explained in *Handlon*:

> Congress delegated the power to define what should be considered extraordinary and compelling reasons

for a sentence reduction to the Sentencing Commission, not the courts. A district court is right to reject a rationale for a sentence reduction that does not fall within any of the reasons that 1B1.13 identifies as extraordinary and compelling.

*Id.* (citations and quotation marks omitted). Defendant's asserted changes in the law and rehabilitation efforts were "not included in the list of reasons the Sentencing Commission considered to be extraordinary and compelling, so his motion was properly denied." *See id.* (quotation marks omitted).

## <u>CONCLUSION</u>

For the foregoing reasons, the court's order denying Defendant's § 3582(c) motion is **AFFIRMED**.