[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10744

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SHELTON VASSER VANOVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:12-cr-00031-RH-GRJ-1

_____

Before GRANT, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

In 2012, Shelton Vanover pled guilty to three counts of distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  At his 2013 sentencing, the district court (1) applied the career-offender enhancement under U.S.S.G. § 4B1.1 because Vanover had two prior Florida convictions for "controlled substance offense[s]"—Florida convictions for the sale of, and conspiracy to sell, cocaine, and (2) sentenced Vanover to 188 months' imprisonment on each count to be served concurrently.

On February 3, 2023, Vanover filed a motion under 18 U.S.C. § 3582(c)(1)(A), asserting that a change in this Court's caselaw provided an extraordinary and compelling reason warranting a modification of his term of imprisonment.  Vanover argued (1) one of his Florida convictions supporting his career-offender enhancement under § 4B1.1 was a drug conspiracy offense, (2) this Court held in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc), that the definition of "controlled substance offense" under § 4B1.1 did not include conspiracy offenses, and (3) thus, if resentenced today, the § 4B1.1 enhancement would not apply to Vanover, and he would receive a substantially lower sentence than he received in 2013.

On February 8, 2023, the district court denied Vanover's § 3582(c)(1)(A) motion, finding that even assuming *Dupree* applied

retroactively, it did not affect whether Vanover's Florida convictions were controlled substance offenses under § 4B1.1.

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Handlon*, 97 F.4th 829, 832 (11th Cir. 2024). After eligibility is established, we review for an abuse of discretion the district court's denial of a prisoner's § 3582(c)(1)(A) motion. *Id.*

A "court may not modify a term of imprisonment once it has been imposed except" under certain circumstances provided by statute or rule. 18 U.S.C. § 3582(c); *see Handlon*, 97 F.4th at 831-32. Relevant here, § 3582(c)(1)(A) provides for "compassionate release" when three conditions are met. *Handlon*, 97 F.4th at 831 (quotation marks omitted). Specifically, § 3582(c)(1)(A) allows a court to reduce a defendant's sentence where (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) sentencing factors weigh in favor of a reduction. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021). All three conditions are necessary for a sentence reduction, so the absence of one condition precludes relief. *Handlon*, 97 F.4th at 832.

When Vanover filed his § 3582(c)(1)(A) motion and when the district court reviewed it, § 1B1.13 of the Sentencing Guidelines identified only four categories of "extraordinary and compelling" reasons that could make Vanover eligible for relief: (1) Vanover's medical condition, (2) his age, (3) his status as the only potential

caregiver for a minor child or spouse, or (4) "other reasons," as determined by the Director of the Bureau of Prisons. *See Handlon*, 97 F.4th at 832; U.S.S.G. § 1B1.13 cmt. n.1(A)-(D) (2021). "That last 'catch-all' category did not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Handlon*, 97 F.4th at 832 (quotation marks omitted). Importantly too, § 1B1.13 is an applicable policy statement for all § 3582(c)(1)(A) motions. *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021).

Here, because Vanover's § 3582(c)(1)(A) motion was not based on an extraordinary and compelling reason for relief contained within § 1B1.13, the district court did not err in denying his motion. *See id.*; *see also United States v. Al-Ariani*, 514 F.3d 1184, 1189 (11th Cir. 2008) (holding we may affirm the district court on any basis supported by the record).

We recognize that since the district court denied Vanover's motion, § 1B1.13 has been amended. *See* U.S.S.G. app. C, amend. 814 (effective Nov. 1, 2023). Among other things, the amended § 1B1.13 now provides the following: "If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason" for relief. U.S.S.G. § 1B1.13(b)(6) (2023).

On appeal, Vanover asserts that the November 2023 amendment to § 1B1.13 entitles him to rely on the length of his sentence and a change in law, like *Dupree*, as extraordinary and

compelling reasons for relief. Vanover argues he no longer qualifies for the career-offender enhancement under § 4B1.1 after *Dupree*, and if resentenced today, his "sentence would [be] approximately eight years shorter."

We need not decide whether this amended and added basis for § 1B1.13 eligibility for relief would apply to Vanover. Because that amendment was a "substantive" amendment to the guidelines, as opposed to a "clarifying" amendment, we cannot retroactively apply it in this appeal. *See Handlon*, 97 F.4th at 833; *see also United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011) (holding substantive amendments to the Sentencing Guidelines are not applied retroactively on appeal). As our Court previously explained, "[t]he 2023 amendment to § 1B1.13 altered the text of the guideline itself to allow for compassionate release in a new circumstance. That is a substantive amendment." *Handlon*, 97 F.4th at 833. Consequently, "[w]e cannot give it retroactive effect in this appeal." *Id.*

Accordingly, we affirm the district court's denial of Vanover's motion under 18 U.S.C. § 3582(c).[1]

**AFFIRMED.**

---

[1] Vanover filed a separate and second motion for a sentence reduction under § 3582(c)(1)(A) based on "the Harshship Act COVID-19 Relief Bill", which the district court denied. On appeal, Vanover does not challenge the district court's denial of this second motion. Therefore, he has forfeited this issue. *See United States v. Campbell*, 26 F.4th 860, 871, 873 (11th Cir. 2022) (en banc).