[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-14070

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAYCEE DOAK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:18-cr-00242-KD-B-2

_____

Before ROSENBAUM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Jaycee Doak knew that her husband was repeatedly raping and otherwise sexually abusing three of their adopted children. Rather than do anything about it, she instead did her best to conceal the abuse and help the family move from place to place. For this she was convicted of knowingly transporting a minor across state lines for sexual activity. *See* 18 U.S.C. §§ 2423(a), (e). The parole office recommended that the district court follow the Sentencing Guidelines and sentence Doak to life in prison. But the court rejected this recommendation, instead sentencing her to ten years' imprisonment—the statutory minimum.

Doak has served roughly two-thirds of that sentence and claims that she is entitled to compassionate release so that she may care for her sick mother. *See* 18 U.S.C. § 3582(c)(1)(A). We disagree. Because Doak's motion for compassionate release did not meet the statutory requirements—and because we agree with the district court that she would not qualify for compassionate release in any event—we affirm.

## I.

In 2012, Jaycee Doak and her husband decided to adopt six children so that they could live on "finances from the government" and avoid paying federal income tax. Three of those children became victims of heinous sexual abuse: Brenda, Laura, and Leah. "Right after" the children moved in, Doak's husband began

"raping" eleven-year-old Brenda, "touching" nine-year-old Laura, and subjecting six-year-old Leah to "sexual abuse." The abuse lasted for years and took place across several different states.

Doak abused the children in her own way. When Brenda told Doak that she was being raped, for example, Doak responded by calling her "stupid" and "dumb." Doak sought to capitalize on Brenda's limited ability to read and write, telling Brenda that she was not actually raped—her "disability" was just "playing tricks" on her. And for good measure, Doak also told Brenda that she was "a ho and a slut." When Laura told Doak that she too was being raped, Doak simply said that "it will be okay." But things were not okay. Doak's husband continued to rape the children, and Doak continued to help keep it a secret.

Doak's abuse was physical, too—especially after the girls told her that they were being raped. Whenever the children "made a mistake," Doak would hit them. Sometimes in the arms, sometimes in the legs, and sometimes in the head. What would Doak hit them with? "Anything she could find." But wooden and stone cooking utensils were a personal favorite.

The children were never the same. Brenda said that she is no longer the "bubbly" girl she once was. She does not "talk to anyone" and is "not active" with her friends and family. Laura now "keeps to herself" and "doesn't like to wear clothes that show her skin." Leah too tries not to reveal her skin.

This is not our first time recounting these tragic events. Doak challenged her conviction a few years ago, and we rejected

that challenge because she was "no passive observer" when it came to the abuse of her children. *United States v. Doak*, 47 F.4th 1340, 1356 (11th Cir. 2022). We also explained that her sentence fell "at the very bottom" of what could be considered "reasonable." *Id.* at 1361. In fact, we suggested that we would have imposed a longer sentence "had it been our call" to make. *Id.* (quotation omitted). But given "the discretion district courts have in sentencing," we could not say that her sentence was unreasonable. *Id.*

Doak sought compassionate release after serving a little over half that sentence. *See* 18 U.S.C. § 3582(c)(1)(A). She argues that she should be released because she is the only person who can care for her sick mother. The district court rejected this argument because (1) Doak did not follow the statutory requirements and (2) she would not qualify for compassionate release in any event. Doak now appeals.

## II.

We review de novo whether a defendant is eligible for compassionate release. *See United States v. Handlon*, 97 F.4th 829, 832 (11th Cir. 2024). After eligibility is established, though, we review a district court's denial of compassionate release for abuse of discretion. *See id.*

## III.

Courts generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But there are several exceptions to this general rule, and compassionate release is one of them. *See id.* § 3582(c)(1)(A). A court may reduce a

defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i). But, as relevant here, a motion for compassionate release must be made by either (1) "the Director of the Bureau of Prisons" or (2) "the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.*

Doak met neither requirement. The Director was not involved here, and Doak never asked her warden to file a motion for compassionate release on her behalf. She instead believed that she could file her motion "directly with" the district court. That belief was mistaken, as the district court correctly noted. Doak's brief on appeal does not address this fundamental error. And while "we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citation and italics omitted). So we agree with the district court's decision to dismiss Doak's motion "for failure to meet either of the statutory prerequisites."

But even if she had met the statutory prerequisites, Doak would not qualify for compassionate release. She contends that she is entitled to a sentence reduction because she is "the only caregiver for her mother," who is battling cancer. Doak is correct that the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" is an "extraordinary and compelling" reason that may warrant

compassionate release.   *See* U.S. Sentencing Guidelines § 1B1.13(b)(3)(C) (Nov. 2023); 18 U.S.C. § 3582(c)(1)(A)(i).  But that is the beginning of the analysis, not the end of it.  We still must consider whether "the factors set forth in section 3553(a)" weigh in favor of compassionate release.  18 U.S.C. § 3582(c)(1)(A).

Section 3553(a), in turn, requires the district court to examine the "nature and circumstances" of Doak's offenses and her "history and characteristics."  *Id.* § 3553(a)(1).  Her offenses speak for themselves—Doak knew her daughters were being raped, yet she "silenced them to conceal the sexual abuse."  *Doak*, 47 F.4th at 1356.  And her history and characteristics are not much better. Doak provided several letters in support of her motion for compassionate release, some of which praise her "very strong moral compass" and describe her as a "very family-oriented" person.  But those traits were nowhere to be found when she helped cover up the repeated rape of her elementary-aged daughters.  *See id.*

The district court was correct that releasing Doak early would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).  Nor would it "afford adequate deterrence to criminal conduct."  *Id.* § 3553(a)(2)(B).  Doak is serving the statutory minimum sentence of ten years when the Guidelines recommended life in prison.  The reasonableness of that downward variance was "certainly a close call."  *Doak*, 47 F.4th at 1361.  But what is not a close call is the correctness of the district court's

23-14070              Opinion of the Court                    7

conclusion that "the factors set forth in section 3553(a)" do not support early release here.  18 U.S.C. § 3582(c)(1)(A).

⋆    ⋆    ⋆

Because Doak does not qualify for compassionate release, we **AFFIRM** the district court's order.  We **DENY** as moot the government's motion for summary affirmance.