**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12827

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

BURNETT GODBEE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:13-cr-60167-KMM-2

_____

Before NEWSOM, KIDD, and BLACK, Circuit Judges.

PER CURIAM:

Burnett Godbee, a Florida prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In his motion, Godbee

asserted that *United States v. Davis*, 588 U.S. 445 (2019), and *United States v. Taylor*, 596 U.S. 845 (2022), were a change in law that satisfied an "extraordinary and compelling reason" to reduce his sentence for his 18 U.S.C. § 924(c) conviction under the newly implemented amendments to U.S.S.G. § 1B1.13(b)(6).  Godbee asserts the district court applied an incorrect legal standard when considering his compassionate-release claim, as it set its own criteria and prohibitions, rather than relying on the text of § 1B1.13(b)(6).[1]  He asserts that, under the definitions in subsection (b)(6), the change in law he identifies qualifies as an "extraordinary and compelling" reason for his release, as he has shown a gross disparity between his actual sentence and the sentence he would receive if he were sentenced today.

"[A] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008).  In *United States v. Handlon*, an appeal from the denial of a compassionate-release motion, Handlon argued before us that he was factually innocent of the underlying charges.  97 F.4th 829, 834 n.2 (11th Cir.

---

[1] The Sentencing Commission defined "extraordinary and compelling" reasons in a policy statement to § 3582(c)(1)(A) in the Sentencing Guidelines, and such reasons include an "unusually long sentence." U.S.S.G. § 1B1.13(b)(6).  A sentence is unusually long if "after full consideration of the defendant's individualized circumstances," a court determines that a "change in the law . . . produce[d] a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Id.*

2024).  We stated in a footnote that "Handlon's argument that he was improperly convicted is not a recognized extraordinary and compelling reason for a sentence reduction, nor a proper basis for seeking relief under 18 U.S.C. § 3582(c)(1)(A)."  *Id.* (citations omitted).  We cited *Antonelli* for the proposition that a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack a conviction, and noted that, because Handlon already had filed an unsuccessful § 2255 motion, he needed to first get our authorization if he wanted to attempt to file a second or successive § 2255 motion.  *Id.*

The district court did not err in denying Godbee's motion for compassionate release.  *See United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021) (reviewing "*de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)").  Godbee's sole argument for release, even when his brief is construed liberally, is that *Davis* and *Taylor* are new changes in law that undermine his § 924(c) conviction.  *See In re Ellingsworth Residential Cmty. Ass'n, Inc.*, 125 F.4th 1365, 1377 (11th Cir. 2025) (stating we liberally construe *pro se* filings, but we do not have the license to rewrite an otherwise deficient pleading to sustain an action).  The district court did not err in determining that a motion for compassionate release was not the proper vehicle for Godbee's claims as this Court has stated that § 2255 is the exclusive remedy for claims collaterally attacking a conviction and sentence.  *See Antonelli*, 542 F.3d at 1352 n.1; *Handlon*, 97 F.4th at 834 n.2.  Notably, Godbee has already filed an unsuccessful § 2255 motion, and this Court has since denied multiple successive applications in which Godbee

sought this Court's permission to raise proposed claims based on *Davis* and *Taylor*. As such, Godbee's current use of § 3582(c)(1)(A) to pursue a *Davis* and *Taylor* claim is an improper attempt to circumvent the restrictions against successive § 2255 motions. *See Antonelli*, 542 F.3d at 1352 n.1; *Handlon*, 97 F.4th at 834 n.2. Accordingly, we affirm.[2]

    **AFFIRMED.**

---

[2] Because the district court did not err in denying Godbee's motion, this Court need not reach the Government's argument the Sentencing Commission exceeded its Congressional authority in enacting U.S.S.G. § 1B1.13(b)(6).