NOT FOR PUBLICATION

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10057
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

KARAMCHAND DOOBAY,
   a.k.a. Raj Doobay,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:16-cr-00122-TJC-MCR-1

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Karamchand Doobay returns to this Court, again appealing the denial of a motion for compassionate release.  Because he has

failed to demonstrate that his family's situation presents the kind of "extraordinary and compelling" circumstances required for compassionate release, the district court rightly rejected his motion. 18 U.S.C. § 3582(c)(1)(A)(i). We affirm.

## I.

Karamchand Doobay has been incarcerated since 2016 and is serving a 151-month prison sentence for two counts of conspiracy to commit wire fraud. He is a naturalized Canadian citizen who ran a Ponzi scheme while living in Florida that defrauded at least 84 investors out of more than $8 million. After his arrest, his wife relocated to Canada with their four children, currently aged 29, 22, 19, and 17.

In July 2024, Doobay filed his third motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). This time, he cited his "family circumstances," arguing that his wife's alcoholism had incapacitated her and left her unable to care for their two minor children.[1] *See* U.S.S.G. § 1B1.13(b)(3)(A) (Nov. 2025). By now only the youngest child remains a minor.

The district court denied the motion, finding that "the evidence provided with Mr. Doobay's motion does not establish that Mrs. Doobay is incapable of caring for their minor children" and that "the evidence does not establish that Mrs. Doobay is

---

[1] There are hints in the record that Doobay and his wife may have divorced, but whether they have makes no difference to this case, and the briefing consistently refers to her as his wife, so we do too.

incapacitated, such that the situation constitutes an 'extraordinary and compelling' circumstance warranting compassionate release." *Cf.* U.S.S.G. § 1B1.13(a)(1)(A).  Doobay now appeals.

## II.

We review de novo a prisoner's eligibility for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  *United States v. Handlon*, 97 F.4th 829, 832 (11th Cir. 2024).

## III.

Federal law generally prohibits district courts from modifying a term of imprisonment once it is imposed, but there are a few exceptions.  18 U.S.C. § 3582(c).  One of these—commonly referred to as "compassionate release"—allows a district court to reduce the term of imprisonment if there are "extraordinary and compelling reasons" to do so.  *Id.* § 3582(c)(1)(A)(i).  The defendant himself may file a motion asking for such a reduction.  *Id.* § 3582(c)(1)(A).

The reduction must also be "consistent with applicable policy statements" issued by the U.S. Sentencing Commission, which has set forth its policy statement regarding compassionate release in the U.S. Sentencing Guidelines.  *Id.*; *see* U.S.S.G. § 1B1.13.  The Commission recognizes several categories of "extraordinary and compelling reasons" for compassionate release.  Under the "Family Circumstances" category, the defendant may be eligible for compassionate release in the event of the "death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(b)(3)(A).

This was the basis Doobay chose for his motion. Since he has been incarcerated, his wife has served as the caregiver for their children, so he argued that she was incapacitated by her alcoholism. As the petitioner seeking compassionate release, Doobay bore the burden of establishing that it was warranted. *Cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). Here that meant that he had to demonstrate that his wife was in fact incapacitated.

So along with his motion, Doobay offered supporting evidence intended to demonstrate his wife's incapacitation due to alcoholism. One piece of evidence was an almost completely illegible scan of a violation ticket issued to his wife, which—whatever it actually says—does not demonstrate *incapacitation*. He also introduced a series of letters from each of his four children. Judging from the children's letters, it seems probable (as the district court accepted) that their mother does struggle with alcoholism. And clearly the children all want their father to be released from prison and think their lives would be improved if he were. But these letters do not establish—or even come close to establishing—that she is incapacitated such that she cannot serve as caregiver to the one remaining minor child.

Doobay also submitted a report from British Columbia's Ministry of Children and Family Development, which is charged with supporting the well-being of "all children and youth in British

25-10057                 Opinion of the Court                 5

Columbia."[2]  But that report, which concluded that one possible option for the two minor children was to leave them at home under the care of Doobay's wife, only supports the conclusion that she is not incapacitated.

The district court considered two definitions of "incapacitation" in the alternative without settling on either. Despite that, Doobay objects that the district court's decision was predicated on a "narrow definition" of the term, rather than its "plain, ordinary meaning."  The district court denied his motion because it did not find his wife *incapable* of caring for their minor children, he says, but it should have found her incapacitated because she is *unfit* to care for them.  The government largely sidesteps the definitional question by pointing out that Doobay did not meet his burden of proof: he failed to "substantiate his claim that Mrs. Doobay is incapacitated."

We agree—Doobay did not demonstrate his wife's incapacitation under any possible definition.  Whatever struggles Doobay's wife may or may not have with alcoholism, the exhibits Doobay submitted with his motion for compassionate release do not establish her incapacitation with respect to raising their 17-year-old child.

---

[2] *See* Ministry of Children and Family Development (Oct. 29, 2025), https://www2.gov.bc.ca/gov/content/governments/organizational-structure/ministries-organizations/ministries/children-and-family-development [https://perma.cc/STN5-8V9M].

⋆    ⋆    ⋆

Doobay has failed to demonstrate that his wife is incapacitated and thus that he is eligible for compassionate release. The district court correctly denied his motion.

**AFFIRMED.**