**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-12288

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

FRANTZ PIERRE,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:12-cr-20696-CMA-1

————————————

Before BRANCH, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Frantz Pierre appeals *pro se* the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Pierre argues that the district court failed to

consider arguments, based on subsequent changes in our precedent and the Sentencing Guidelines, that his sentence would have been lower had it been imposed in the current time. Therefore, he argues that the district court abused its discretion in analyzing the 18 U.S.C. § 3553(a) factors by failing to consider the disparity in his sentence and the need for a just punishment, in light of these changes. Having read the parties' briefs and reviewed the record, we affirm the district court's order denying Pierre's motion for compassionate release.

## I.

We review a district court's denial of an eligible defendant's request for compassionate release under § 3582(c)(1)(A) for abuse of discretion. *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). A district court commits an abuse of discretion if it applies an incorrect legal standard, follows improper procedures, or makes clearly erroneous factual findings. *Id*. *Pro se* pleadings are held to a less-stringent standard than those drafted by attorneys and are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## II.

In general, a court may not modify a sentence once it has been imposed, except under certain circumstances. 18 U.S.C. § 3582(c); *United States v. Harris*, 989 F.3d 908, 909 (11th Cir. 2021). A district court may reduce a term of imprisonment under § 3582(c)(1)(A) if: (1) the § 3553(a) sentencing factors favor doing so; (2) there are "extraordinary and compelling reasons" for doing so;

and (3) doing so would not endanger any person or the community within the meaning of 18 U.S.C. § 3142(g), and a reduction is consistent with applicable Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(1)(A); *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021). District courts need not address these three conditions in a specific sequence, as the lack of even one forecloses a sentence reduction. *Tinker*, 14 F.4th at 1237-38. *See also United States v. Handlon*, 97 F.4th 829, 832 (11th Cir. 2024) (Because compassionate release requires that all three conditions be met, "the absence of even one" forecloses relief.) If the district court finds against the movant on any one of these requirements, it cannot grant relief and need not analyze the other requirements. *Id.*

The § 3553(a) sentencing factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, adequate deterrence, and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(B), (a)(6). The district court need not address each of the § 3553(a) factors or all the mitigating evidence, and the weight given to any § 3553(a) factor is committed to the discretion of the district court. *Tinker*, 14 F.4th at 1241. An acknowledgment that the court considered all applicable factors, along with enough analysis to allow meaningful appellate review of the factors is sufficient. *Id.* at 1240-41. At a minimum, "we must be able to understand from the record how the district court arrived at its conclusion," including the applicable § 3553(a) factors on which it relied. *United States v. Cook*, 998 F.3d 1180, 1184-85 (11th Cir. 2021) (holding that

the district court abused its discretion when it did not indicate whether it had considered the defendant's reasoning or the § 3553(a) factors).

## III.

In September 2012, the government charged Pierre with conspiracy to defraud the government in violation of 18 U.S.C. § 286, conspiracy to use unauthorized access devices in violation of 18 U.S.C. §1029(b)(2), use of unauthorized access devices in violation of 18 U.S.C. §1029(a)(2), aggravated identity theft in violation of 18 U.S.C. §1028A(a)(1), and possession of fifteen or more unauthorized access devices in violation of 18 U.S.C. §1029(a)(3). Law enforcement officials investigated and learned that Pierre and two co-conspirators conspired to defraud the Internal Revenue Service by obtaining payment of false and fraudulent claims. In total, Pierre and his co-conspirators caused the submission of 338 fraudulent and unauthorized tax returns seeking refunds of over $2 million.

Following his conviction, the probation officer prepared a pre-sentence investigation report ("PSI"), that assigned Pierre a total offense level of 32 and a criminal history category of III, which resulted in a guidelines imprisonment range of 151-188 months. Both parties filed objections, and at sentencing, the district court applied a two-level enhancement because Pierre's offense targeted primarily inmates, who are vulnerable victims. The district court considered the 18 U.S.C. §3553(a) factors and emphasized that identity theft was a huge problem that targeted people who mostly

24-12288               Opinion of the Court                    5

were law abiding.  The district court sentenced Pierre to a total of 208 months' imprisonment.  Pierre appealed, and this court affirmed his conviction and sentence.  *See United States v. Pierre*, 825 F.3d 1183 (11th Cir. 2016).

The current motion for compassionate release is Pierre's fourth motion; the district courts denied all his prior motions.  In this current motion, Pierre raises several arguments: (1) that the non-retroactive amendments to the guidelines on which the district court relied could be considered grounds for sentence reduction under U.S.S.G. §1B1.13(b)(6); (2) recent Supreme Court precedent would have precluded some of his convictions; (3) his rehabilitation while incarcerated supports a sentence reduction; (4) the nature of his prison sentence was harsher due to the COVID-19 pandemic; (5) the district court clerk had destroyed case records that showed his prior convictions no longer could serve as predicate offenses for criminal history points; and (6) the §3553(a) factors weigh in favor of a sentence reduction.  The government responded that Pierre was not entitled to relief on any of his asserted grounds, and the district court agreed.

In sum, the district court determined that it was unnecessary to resolve the parties' disagreement about the effect of the non-retroactive amendments because the §3553(a) factors weighed against a sentence reduction.  The district court noted that it was not persuaded that a sentence reduction would adequately account for the seriousness and circumstances of his offenses, deter him from future crimes, or protect the public.  The district court

commended Pierre's rehabilitation efforts but found them insufficient to warrant a sentence reduction. The district court also found Pierre's arguments based on the pandemic insufficient to warrant a sentence reduction. The district court concluded that, because the sentencing factors weighed against a sentence reduction and because the district court was unconvinced that Pierre would not present a danger to others if released early, a sentence reduction was not warranted. Pierre then perfected this appeal.

## IV.

We conclude, based on the record, that the district court did not abuse its discretion in denying Pierre's motion for compassionate release based on its finding that the § 3553(a) factors—including the seriousness of Pierre's crimes, the need for deterrence, and the need to protect the public—weighed against a sentence reduction. The district court explained that Pierre's conduct resulted in the thefts of thousands of identities and millions of dollars. The district court noted Pierre's prior 13 convictions, including convictions for identity theft and fraud, and stated that these prior convictions did not deter Pierre from continuing to commit similar offenses. The district court's analysis of the factors was sufficiently thorough and supported by the record. As such, this determination alone is sufficient to deny Pierre's motion without any further analysis of whether extraordinary and compelling circumstances justified compassionate release. *See Tinker*, 14 F.4th at 1237-38.

Accordingly, based on the aforementioned reasons, we affirm the district court's order denying Pierre's motion for compassionate release.

**AFFIRMED.**