**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11454

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MARIO ALBERTO MALESPIN,

*Defendant- Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cr-20835-RAR-1

————————————

Before BRASHER, ABUDU, and WILSON, Circuit Judges.

PER CURIAM:

Mario Malespin, proceeding pro se, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court erred in finding that he did not

2                    Opinion of the Court                    25-11454

show extraordinary and compelling reasons for his release. After careful review, we **AFFIRM** the district court.

## I.

In 2021, Mario Malespin pleaded guilty to possessing with intent to distribute the controlled substance methylenedioxymethamphetamine. He was sentenced to ninety-six months in prison, followed by three years supervised release.

In 2025, Malespin filed a pro se motion for compassionate release under section 3582(c)(1)(A). He argued that three circumstances combined to create extraordinary and compelling reasons for his release: (1) the young ages at which he committed two of the prior offenses that impacted his sentence; (2) an allegedly erroneous drug table calculation that altered his sentence; and (3) his rehabilitation.

The district court denied Malespin's motion for two reasons. First, it found that Malespin's arguments—"alone or in combination"—did not present extraordinary and compelling reasons for release. Doc. 58 at 11. Second, it held that the 18 U.S.C. § 3553(a) factors weighed against compassionate release. It reasoned that Malespin's sentence mirrored the severity of his crime, encouraged respect for the law, imposed just punishment for his offense, protected the public, promoted rehabilitation, and provided appropriate deterrence. Malespin appealed.

## II.

We review *de novo* whether Malespin is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Handlon*, 97 F.4th 829, 832 (11th Cir. 2024). If Malespin establishes that he is eligible for a reduction, we review the district court's denial of his section 3582(c)(1)(A) motion for abuse of discretion. *Id.*

A district court may reduce a term of imprisonment under section 3582(c)(1)(A) if (1) the section 3553(a) sentencing factors support that reduction; (2) there are extraordinary and compelling reasons for it; and (3) the reduction is consistent with the policy statement in United States Sentencing Guidelines Manual § 1B1.13 (Nov. 2023). *Handlon*, 97 F.4th at 832. A court may consider those conditions in any order and cannot reduce a defendant's sentence if any condition is unmet. *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

To obtain reversal of a judgment that is based on multiple independent grounds, Malespin must convince us that "every stated ground" is incorrect. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). The district court concluded that Malespin does not meet two of the conditions for compassionate release because he did not establish an extraordinary and compelling reason to reduce his sentence, and the section 3553(a) factors weigh against reducing his sentence. Under *Sapuppo*, if Malespin does not properly challenge either of those grounds, the district court's judgment should be affirmed. *Id.*

Malespin's brief does not address the district court's conclusion that the section 3553(a) factors weigh against a sentence reduction. Because Malespin abandoned any challenge to one independent ground for the district court's judgment, *Tinker*, 14 F.4th at 1237–38, he has abandoned his argument that the district court erred in its weighing of the section 3553(a) factors, *Sapuppo*, 739 F.3d at 680. Nonetheless, we have independently reviewed the district court's weighing of the section 3553(a) factors, and we cannot say that the district court abused its discretion in concluding that Malespin's existing sentence is appropriate considering those factors. Accordingly, even if Malespin were eligible for a sentence reduction, the district court did not err in denying him relief.

### III.

**AFFIRMED**.