[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12762

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PIERO BENITEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:14-cr-20286-CMA-15

_____

Before JORDAN, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Piero Benitez, proceeding *pro se*, appeals the denial of his "Motion to Reconsider Motion to Reduce Sentence under 18 U.S.C. Section 3582(c)(1)(A)(i)." On appeal, Benitez argues that the district court abused its discretion in denying his motion because it did not give a sufficient explanation for its decision and did not consider a new amendment to the U.S. Sentencing Guidelines. After careful review, we affirm.

## I.

The relevant background is this. Benitez first moved the district court to reduce his 180-month sentence on compassionate release grounds in November 2021, while serving his sentence for murder in aid of racketeering activity in violation of the Violent Crimes in Support of Racketeering Activity statute, 18 U.S.C. § 1959(a)(1). The district court denied Benitez's motion on November 9, 2021, finding that he had not presented any extraordinary or compelling reason for compassionate release. The court added that Benitez's "youth and immaturity at the time of the murder [were] not factors that compel[ed] the drastic sentence reduction [he] request[ed]," and that the 18 U.S.C. § 3553(a) factors, "combined with the continued danger [Benitez] pose[d] to the safety of the community given the nature of his offense conduct . . . d[id] not support an early release, notwithstanding what [he] may [have] regard[ed] as his own extraordinary rehabilitation." Benitez

appealed to our Court but the appeal was dismissed for want of prosecution on March 7, 2022.

On August 14, 2023, Benitez filed the instant "Motion to Reconsider Motion to Reduce Sentence under 18 U.S.C. Section 3582(c)(1)(A)(i)." In it, he "move[d] the [c]ourt to reconsider its order denying a reduction of sentence under 18 U.S.C. Section 3582(c)(1)(A)(i) and [sought] a reduction of [his] current sentence of 180 months['] imprisonment by 18–24 months." He claimed that some changes in the law -- like amendments to U.S.S.G. § 1B1.13(b) -- affected the arguments he made in his 2021 motion, and reiterated, relying on several pages of his earlier motion for a sentence reduction, that he was a youthful offender and had made efforts to rehabilitate himself. Benitez further argued his family circumstances weighed in favor of a sentence reduction under the revised § 1B1.13(b) because his wife was struggling to balance work, school, and raising their son. The district court denied the motion with this entry: "THIS CAUSE came before the Court on Defendant, Piero Benitez's Motion to Reconsider Motion to Reduce Sentence Under 18 U.S.C. Section 3582(c)(1)(A)(i) [ECF No. 1408]. Being fully advised, it is ORDERED AND ADJUDGED that the Motion is DENIED."

This timely appeal follows.

## II.

We review the denial of a motion for reconsideration for abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). We also review the denial of a § 3582(c)(1)(A)

motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

We construe *pro se* pleadings liberally. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). But even *pro se* litigants must comply with the applicable procedural rules, *United States v. Padgett*, 917 F.3d 1312, 1316 (11th Cir. 2019), and we will not "serve as *de facto* counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." *Campbell*, 760 F.3d at 1168–69 (quotations omitted).

"[T]here must be enough, in the record or the court's order, to allow for meaningful appellate review" of a district court's sentencing decision. *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017); *see also Chavez-Meza v. United States*, 585 U.S. 109, 115–16 (2018) (assuming that a district court must "set forth enough to satisfy [an] appellate court" that the district court "considered the parties' arguments and ha[d] a reasoned basis" for denying a § 3582(c)(2) motion for a sentence reduction ) (quotations omitted). How much explanation is required "depends . . . upon the circumstances of the particular case." *Chavez-Meza*, 585 U.S. at 116. We've held, for example, when reviewing the denial of a § 3582 motion for a sentence reduction, that "a district court commits no reversible error by failing to articulate specifically the applicability -- if any -- of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by

the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997).

In this appeal, Benitez is challenging the district court's denial of his motion for reconsideration of his § 3582(c)(1)(A)(i) motion for a sentence reduction. For starters, it is not clear whether a motion for reconsideration is permissible in this instance. In *United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003), we held that, because a § 3582 motion "is not a civil post-conviction action, but rather a continuation of a criminal case," a defendant cannot use the reconsideration procedures of Federal Rule of *Civil* Procedure 60 to challenge the district court's denial; we then suggested that the defendant should have instead proceeded to "direct criminal appeal." *Id.* at 1318. Since then, we have not decided whether a motion for reconsideration from the denial of a § 3582 motion may be permissible through another avenue.

We have said, however, that "the Supreme Court and this Court have permitted motions for reconsideration in criminal cases notwithstanding the fact that the Federal Rules of Criminal Procedure do not expressly provide for them." *United States v. Phillips*, 597 F.3d 1190, 1199 (11th Cir. 2010). Thus, because a § 3582 motion is criminal in nature, *see Fair*, 326 F.3d at 1318, we will assume that a motion for reconsideration that follows the denial of a § 3582 motion is permissible under our case law. *See Phillips*, 597 F.3d at 1199 (allowing a motion for reconsideration to be filed under Fed. R. Crim. P. 35(a) from the *grant* of a § 3582 motion); *United States v. Handlon*, 97 F.4th 829, 831 (11th Cir. 2024) (permitting an appeal

from a motion for reconsideration of the denial of a § 3582 motion without discussion); *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1247 (11th Cir. 2017) (declining to decide whether the defendant could file a motion for reconsideration from the denial of a § 3582 motion since "[t]he government has not asked that we construe" the renewed motion as a motion for reconsideration).

But even if we assume that a motion for reconsideration is allowed in these circumstances, we've recognized, generally, that "federal district courts necessarily have substantial discretion in ruling on motions for reconsideration." *United States v. Russell*, 994 F.3d 1230, 1243 n.4 (11th Cir. 2021) (Branch, J., concurring) (quotations omitted). In using their discretion in considering motions for reconsideration in the criminal context, district courts, including those in the Southern District of Florida, "generally employ the standards underlying motions for reconsideration in civil cases," which allow "movants for reconsideration [to] only obtain relief [upon] show[ing] extraordinary circumstances justifying the reopening of a final judgment." *Id*. (quotations omitted).

Here, the district court did not abuse its considerable discretion in denying Benitez's motion for reconsideration. We recognize, at the outset, that the district court's brief order did not give much explanation for its denial of the motion for reconsideration. But on the record before us, a detailed explanation was not necessary. To begin with, the motion was untimely. Although the Federal Rules of Criminal Procedure do not provide a deadline for the filing of a motion for reconsideration -- since, as we've noted, they

do not expressly authorize these kinds of motions -- we've looked to Federal Rule of Appellate Procedure 4(b) to determine when a "motion for reconsideration in a criminal case must be filed" for the purposes of calculating whether a notice of appeal was timely. *United States v. Vicaria*, 963 F.2d 1412, 1414 (11th Cir. 1992). Rule 4(b) provides that a criminal defendant must file a motion for reconsideration within fourteen days of the order or judgment, or that, upon a showing of excusable neglect or good cause, a district court may extend that period of time by an additional thirty days. Fed. R. App. P. 4(b)(1)(A), (b)(4). Benitez has not pointed us to any other authority providing a different deadline for motions for reconsideration in criminal cases.

In this case, Benitez's motion for reconsideration was nearly two years late -- well past the forty-four-day extension contemplated by Federal Rule of Appellate Procedure 4 in instances of excusable neglect. Thus, as we see it, it was well within the district court's discretion to deny Benitez's motion for reconsideration on untimeliness alone. *Cf. United States v. Smith*, 918 F.2d 1501, 1509 (11th Cir. 1990) ("The district court did not abuse its discretion by denying [the defendant's request for a hearing to challenge a search warrant] as untimely. We need not address the denial on the merits beyond saying that the court's denial was not erroneous."); *United States v. Taylor*, 792 F.2d 1019, 1025 (11th Cir. 1986) (holding that while it may be permissible for the district court to consider a motion to suppress involuntary statements despite its untimeliness, the district court is not required to do so); *United States v. Bailey*, 691 F.2d 1009, 1019 (11th Cir. 1982) ("[The defendant's] motion

to inspect and for independent expert analysis of the seized drugs . . . was untimely by several months and as such the district court did not abuse its discretion in denying the motion.").

Beyond the tardiness of the motion for reconsideration, the district court's denial of the motion on its merits is also amply supported by the record. In this instance, the same district court that denied Benitez's original § 3582 ruled on the motion for reconsideration; the court's brief order recognized it was ruling on a motion for reconsideration of Benitez's original § 3582 motion; and when the court denied Benitez's § 3582 motion back in 2021, it gave a fairly lengthy explanation for its decision. Among other things, the court found that Benitez had not presented any extraordinary or compelling reason for compassionate release, that the § 3553(a) factors did not warrant a sentence reduction, and that Benitez continued to pose a danger to the safety of the community. Further, in Benitez's motion to reconsider this decision, he repeated many of his original arguments, even directly attaching several pages from his original motion to the new filing.

On this record, although the district court's order was concise, it is sufficient to allow us to conclude that the court did not abuse its discretion in denying Benitez's motion for reconsideration. Indeed, based on its explication in its denial of the underlying § 3582 motion, and the similarities between that motion and the instant one, the district court was more than justified in denying reconsideration for the same reasons on round two. *See Eggersdorf*, 126 F.3d at 1323 (holding that "although the district court's order

denying resentencing is short, we believe, based on the record as a whole, that the district court has enunciated sufficient reasons for its order denying resentencing . . . [where, among other things,] the same district court judge who sentenced Defendant originally was the one who declined to resentence him").

Moreover, to the extent Benitez raised new arguments in his motion for reconsideration, these arguments primarily rely on a new version of the Sentencing Guidelines, which expands the "[e]xtraordinary and compelling reasons" for compassionate release under § 3582(c)(1)(A). U.S.S.G. § 1B1.13(b) (Nov. 2023). But, importantly, that version of the Guidelines did not go into effect until November 1, 2023 -- well after Benitez filed his original § 3582(c)(1)(A)(i) motion in November 2021 and even after he filed the instant motion to reconsider in August 2023. *See Handlon*, 97 F.4th at 833. As we've held in very similar circumstances, we cannot retroactively apply the U.S.S.G. § 1B1.13 amendment. *Id.* at 833 (explaining that the 2023 amendment to U.S.S.G. § 1B1.13 is a "substantive" amendment rather than a "clarifying" amendment and, as such, it cannot be applied retroactively on appeal). This means that Benitez's new arguments on reconsideration relied on circumstances that were not, under the Guidelines provisions in effect at the time of his filing, extraordinary and compelling, *id.* at 832–33, so there was nothing new for the district court to do at the time Benitez filed the motion for reconsideration.

Instead, as we've said before, if Benitez wants the district court to consider his argument that the Guidelines have since

changed, and that there are facts that meet the new Guidelines, his proper course of action is to

> file a new motion for compassionate release now that the amendment to the policy statement is in effect. It appears that nothing in 18 U.S.C. § 3582 prevents [him] from doing that. But there was no error in the district court's denial of the motion before the new amendment went into effect.

*Id*.

Accordingly, the district court did not abuse its discretion in denying Benitez's August 14, 2023 motion for reconsideration, and we affirm.

**AFFIRMED.**