[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11715

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BERWIN ROBERT MARIUS,
a.k.a. Gotti,
a.k.a. G-Man,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-cr-20529-JAL-1

_____

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

PER CURIAM:

Berwin Marius, a federal prisoner proceeding *pro se*, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  The district court ruled that a reduction in Marius's 181-month sentence would not be consistent with the applicable policy statement, *see* U.S.S.G. § 1B1.13, and that release was not supported by the statutory sentencing factors, *see* 18 U.S.C. § 3553(a).  Marius contends that the court failed to consider his specific grounds for seeking release, that it improperly weighed the § 3553(a) factors by emphasizing the seriousness of the offense over his family circumstances and post-sentence rehabilitation, and that he did not pose a danger to the community.

The government moves for summary affirmance, arguing that the district court did not abuse its considerable discretion. Summary disposition of an appeal is "warranted where, among other circumstances, . . . the result is clear as a matter of law so that there can be no substantial question as to the outcome." *Brown v. United States*, 942 F.3d 1069, 1076 n.6 (11th Cir. 2019).  Because the government's position is clearly correct as a matter of law, we grant the government's motion for summary affirmance.

## I.

In 2016, Marius pled guilty to possession with intent to distribute cocaine base, *see* 21 U.S.C. § 841(a)(1) & (b)(1)(C), and possession of a firearm in furtherance of a drug-trafficking crime

(Count 3), *see* 18 U.S.C. § 924(c)(1)(A)(i).  According to the factual proffer, Marius and his brother "directed the sale of narcotics," including cocaine base, cocaine, ethylone (Molly), heroin, and marijuana, from a "trap house" in Miami, where two handguns were found during the execution of a search warrant in July 2014.  Following a drive-by shooting at the trap house, the group relocated its primary distribution activities to a second trap house.  The group also used several other residences in Miami to store narcotics and firearms.

The district court sentenced Marius to 121 months for the drug offense, at the low end of the guideline range, plus a consecutive 60-month term for the gun offense, for a total of 181 months.  In explaining its choice of sentence, the court emphasized Marius's leadership role and the seriousness of the offense conduct, as well as the danger to the community posed by trafficking in drugs and using guns at trap houses, which led to "drive-by shootings that result[] in terrible tragedies."  We dismissed Marius's appeal of his sentence based on an appeal waiver provision in his plea agreement.

In April 2024, Marius filed *pro se* the present § 3582(c)(1)(A) motion for compassionate release.  He argued that extraordinary and compelling circumstances justified early release for two main reasons: (1) his mother had been diagnosed with cancer and needed his help caring for her; and (2) he was eligible for "sentencing equity, making his crack cocaine offense equal to a cocaine offense with the ratio being 1 to 1 as is being applied today instead of 18 to

1 to determine his base offense level." Marius also cited his post-sentencing conduct while incarcerated, which included earning his GED, having a positive disciplinary record, and being assigned to positions of trust while on work detail. Finally, he argued that he did not pose a danger to the community, pointing to the non-violent nature of his offense and his plan to help his mother and to work upon release. Marius previously filed two other motions under § 3582(c)(1)(A), which the district court denied in November 2020 and April 2021, respectively.

The district court denied Marius's April 2024 motion under § 3582(c)(1)(A), finding that the § 3553(a) factors weighed against reducing his sentence and that he posed a danger to the community. Relying on its prior orders denying Marius's motions for compassionate release, the court explained that the nature and circumstances of his offense weighed against a sentence reduction because his relevant conduct, as established by both the factual proffer and the PSR, involved a large drug-dealing enterprise that included trap houses, guns, and drugs. The court explained that Marius was an organizer or leader of this activity, which in the court's view posed a serious danger to the community. Finally, the court found that Marius's criminal history showed a lack of respect for the law. Thus, the court concluded that Marius's 181-month sentence remained appropriate in light of the seriousness of his offense and the need to promote respect for the law, provide just punishment, maintain deterrence, and protect the public.

## II.

We review the denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Handlon*, 97 F.4th 829, 832 (11th Cir. 2024). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures, makes clearly erroneous factual findings, or commits a clear error of judgment. *United States v. Harris*, 989 F.3d 908, 911–12 (11th Cir. 2021). "When review is only for abuse of discretion, it means that the district court had a range of choice and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912 (quotation marks omitted). We liberally construe the filings of *pro se* parties. *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021).

Section 3582(c)(1)(A) gives a district court limited authority to reduce a defendant's sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Under this provision, a court may order a sentence reduction if three conditions are present: "(1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . , (3) doing so wouldn't endanger any person or the community within the meaning of [U.S.S.G.] § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation marks omitted). Because all three conditions are necessary, the absence of any one condition—extraordinary and compelling reasons, support in the § 3553(a) factors, or consistency with § 1B1.13's policy statement—forecloses a sentence reduction. *Id.* at 1240.

An order granting or denying compassionate release under § 3582(c)(1)(A) generally must indicate that the district court has considered "all applicable § 3553(a) factors." *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021). But "a district court need not exhaustively analyze each § 3553(a) factor or articulate its findings in great detail," and an acknowledgment by the court that it has considered the § 3553(a) factors and the parties' arguments is ordinarily sufficient. *Tinker*, 14 F.4th at 1241 (quotation marks omitted). Moreover, the weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).

Still, a court abuses its discretion if it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

Here, we can't say the district court abused its discretion by denying a sentence reduction under § 3582(c)(1)(A). For starters, the court did not err by failing to address whether the specific grounds raised in Marius's motion—family circumstances and sentencing inequities—were "extraordinary and compelling." *See Tinker*, 14 F.4th at 1240 ("[A] district court doesn't procedurally err when it denies a request for compassionate release based on the § 3553(a) sentencing factors (or § 1B1.13's policy statement) without first explicitly determining whether the defendant could present

'extraordinary and compelling reasons.'"). Rather, the court was permitted to assume the existence of "extraordinary and compelling reasons" in resolving Marius's motion. *Id.*

Nor did the district court err in its assessment of the § 3553(a) factors. The court "was not required to expressly discuss all of [Marius's] mitigating evidence" regarding his family circumstances, sentencing inequities, and post-sentence rehabilitation. *Tinker*, 14 F.4th at 1241. And the court otherwise "provided a thorough discussion of several § 3553(a) factors," *id.*, emphasizing the seriousness of the offense conduct and the needs for retribution, deterrence, and protection of the public. In particular, relying on its sentencing findings and its prior orders denying compassionate release, the court cited Marius's leadership role in a large-scale drug-distribution operation that involved trap houses and the use of guns, which was the kind of activity that led to "drive-by shootings that result[] in terrible tragedies."[1] Plus, the court previously addressed arguments based on Marius's family circumstances relating to his mother's cancer and his post-sentence rehabilitation. Despite expressly acknowledging these mitigating factors, the court still found "that the 3553(a) factors do not support a sentence reduction." Accordingly, we cannot say that the court failed to

---

[1] Marius claims that only one trap house was ever in operation, not "multiple trap houses," and that the drug operation was not "massive," as the district court stated, but rather involved "street-level" drug quantities. But both the factual proffer and the PSR identified two trap houses, and street-level sales are not inconsistent with a large-scale operation. We see no indication that the district court relied on clearly erroneous facts in denying Marius's motion.

adequately explain its decision or otherwise abused its discretion in deciding that the § 3553(a) factors weighed against compassionate release. *See Harris*, 989 F.3d at 911-12.

Because at least one of the conditions for release under § 3582(c)(1)(A) was not satisfied, the district court did not abuse its discretion by denying Marius's motion. *See Tinker*, 14 F.4th at 1237–38. The court's finding that early release was not supported by the § 3553(a) factors alone "forecloses a sentence reduction," so we do not address the court's separate finding that Marius's release would pose a danger to the community. *See id.*

For these reasons, we GRANT the government's motion for summary affirmance.

**AFFIRMED.**