**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11687

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFERY STEPHEN HECK, JR.,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cr-00149-CEM-LHP-1

————————————

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Jeffery Stephen Heck, Jr., proceeding pro se, appeals the district court's order denying his motion for compassionate release

pursuant to 18 U.S.C. § 3582(c)(1)(A). The government, in turn, moves for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969). A motion for summary affirmance postpones the due date for the filing of any remaining brief until this Court rules on the motion. 11th Cir. R. 31-1(c).

We review de novo "whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). "After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion." *Id.*

"Generally, a district court may not modify a term of imprisonment once imposed." *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). However, a defendant may move for compassionate release under § 3582(c)(1)(A). 18 U.S.C. § 3582(c)(1)(A). A district court may grant compassionate release if (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the 18 U.S.C. § 3553(a) factors weigh in favor of compassionate release. *Id.*; *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021).

When the district court finds that one of these three prongs is not met, it need not examine the other prongs. *Giron*, 15 F.4th at 1348-50.

The Sentencing Commission defined "extraordinary and compelling" reasons in a policy statement to § 3582(c)(1)(A) in the Sentencing Guidelines, and such reasons include the presentation of "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity." U.S.S.G. § 1B1.13(b)(5). Paragraphs (1) through (4) allow for a reduced sentence for terminal illness, other serious physical or medical conditions, imminent risk of infectious disease or an ongoing public health emergency where the defendant is at increased risk that cannot be adequately mitigated, old age, certain family circumstances, or where the defendant is a victim of sexual or physical abuse committed while the defendant was in custody serving the term of imprisonment. *Id.* § 1B1.13(b)(1)-(4).

"[A 28 U.S.C.] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008). In *United States v. Handlon*, an appeal from the denial of a compassionate-release motion, Handlon argued before us that he was factually innocent of the underlying charges. 97 F.4th 829, 834 n.2 (11th Cir. 2024). We stated in a footnote that "Handlon's argument that he was improperly convicted is not a recognized extraordinary

and compelling reason for a sentence reduction, nor a proper basis for seeking relief under 18 U.S.C. § 3582(c)(1)(A)." *Id.* (citations omitted).

We liberally construe *pro se* filings, but do not have the license to rewrite an otherwise deficient pleading to sustain an action. *In re Ellingsworth Residential Cmty. Ass'n, Inc.*, 125 F.4th 1365, 1377 (11th Cir. 2025) (involving a bankruptcy appeal).

Here, summary affirmance is warranted because the district court did not err in denying Heck's motion for compassionate release. Even under a liberal construction, Heck's motion for compassionate release, alleging that the government breached its obligations in the plea agreement, collaterally challenges his conviction, which is properly raised in a § 2255 motion, and the alleged breach of the plea agreement does not represent an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1)(A). *Antonelli*, 542 F.3d at 1352 n.1; *Handlon*, 97 F.4th at 834 n.2; *see also Ellingsworth*, 125 F.4th at 1377.

Regardless, the district court was correct in its alternative assessment that Heck's challenge is without merit, as he did, in fact, receive the benefit of the three-level downward adjustment for acceptance of responsibility. The court adopted the PSI's calculations that applied both the two-level and one-level downward adjustments under U.S.S.G. § 3E1.1(a) and (b).

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

25-11687                Opinion of the Court                5

**AFFIRMED.**