**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12539

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LARRY DOUGLAS MCPHERSON,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:10-cr-00132-CG-N-1

————————————

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Larry McPherson, proceeding *pro se*, appeals the district court's orders denying his motion for compassionate release, under 18 U.S.C. § 3582(c)(1)(A)(i), and his motion for redacted copies of

victim-impact statements that were submitted under seal by the government in opposition to his motion. He argues that the district court abused its discretion by denying his motions without providing any reasons for its rulings. We agree that the record does not permit meaningful review of the court's decisions, so we vacate and remand for further proceedings.

## I.

In 2011, a federal jury convicted McPherson of attempted enticement of a minor to engage in unlawful sexual activity, *see* 18 U.S.C. § 2422(b); attempted production of child pornography, *see id.* § 2251(a) & (e); and possession of child pornography, *see id.* § 2252A(A)(5)(B). The district court sentenced McPherson to 235 months of imprisonment, at the low end of the guideline range of 235 to 293 months. To explain its decision, the court cited the mitigating factors of McPherson's physical and mental condition and age (68 at sentencing). We affirmed his convictions on direct appeal. *See United States v. McPherson*, 587 F. App'x 556, 563 (11th Cir. 2014).

The information before the district court at sentencing reflected that McPherson suffered from extensive health problems, including diabetes, high blood pressure, and non-obstructive coronary artery disease. The report noted that McPherson's conditions put him at a risk for serious health problems like heart attack, heart failure, or stroke.

In 2021, McPherson filed a counseled motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on his age

(79), extensive health conditions, and the COVID-19 pandemic. The district court denied the motion. The court found that McPherson "already suffered from most of his medical conditions when he was sentenced for his crimes and that his conditions are well managed." And it observed that the medical records "fail to corroborate that McPherson's age is causing a serious deterioration of his health or that his conditions prevent him from providing self-care within prison." The court further concluded that, even assuming McPherson was eligible for relief, the § 3553(a) factors weighed against his early release.

Nearly four years later, in March 2025, McPherson filed a renewed motion for early release *pro se* based in part on a "substantial degradation of his health." He asserted that he was experiencing serious deterioration in physical health because of the aging process since the court's prior denial, including coronary artery disease, a quadruple bypass surgery, and tachycardia. McPherson alleged that he exhausted his administrative remedies, and he attached the application he submitted to the warden and the warden's response. He also submitted medical records showing heart-related health care he had received since 2021, and a release plan.

The government opposed McPherson's motion on three distinct grounds. First, it argued that McPherson failed to exhaust administrative remedies by raising his current claim to the warden. Second, it contended that McPherson's recent heart issues appeared to result from medical conditions that were present at sen-

tencing and were stable in prison.  Third and finally, the government maintained that, even if McPherson was eligible, the court should exercise its discretion to deny a sentence reduction based on the § 3553(a) factors.  The government filed a copy of McPherson's medical records under seal.  McPherson filed a reply contending that he had exhausted his administrative remedies, among other arguments.

While McPherson's § 3582(c)(1)(A) motion remained pending, the government moved to file victim-impact statements from McPherson's victim and her mother under seal, "considering the sensitivity to the case and the party's request for privacy."  In response, McPherson asked for copies of the statements, with redactions "to the extent practicable" to protect the privacy of the victim and her mother.  In two text-only orders, the district court granted the government's motion to file under seal and denied McPherson's request for copies of the statements.  But the court did not otherwise explain its rulings.

In June 2025, the district court denied McPherson's motion for compassionate release.  Using a form order (AO 248), the court checked a box indicating that the motion was "DENIED after complete review of the motion on the merits."  But the court did not state its reasons for denying the motion in the space provided, nor did it check a box indicating that dismissal was for failure to exhaust administrative remedies.

McPherson appeals the denial of his § 3582(c)(1)(A) motion and the denial of his request for copies of the victim-impact statements. We **GRANT** his motion to file his reply brief out of time.

## II.

We review de novo whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Handlon*, 97 F.4th 829, 832 (11th Cir. 2024). After establishing eligibility, we review an order denying a motion under § 3582(c)(1)(A) for abuse of discretion. *United States v. Cook*, 998 F.3d 1180, 1183 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

"Review under an abuse of discretion standard, however, is not simply a rubber stamp." *Cook*, 998 F.3d at 1183 (quotation marks omitted). The court "must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *Id.* at 1184 (quotation marks omitted). "At minimum, we must be able to understand from the record how the district court arrived at its conclusion, including what factors it relied upon." *Id.* at 1185. Otherwise, we must vacate and remand. *Id.*

## III.

Under § 3582(c)(1)(A), a district court may reduce a defendant's sentence for "extraordinary and compelling reasons." 18

U.S.C. § 3582(c)(1)(A).  Section 3582(c)(1)(A) contains a non-juris-
dictional administrative exhaustion requirement.[1]  *United States v.
Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  Where exhaustion is sat-
isfied or not at issue, the district court may reduce a term of im-
prisonment under § 3582(c)(1)(A) "if (1) the § 3553(a) sentencing
factors favor doing so, (2) there are extraordinary and compelling
reasons for doing so, and . . . (3) doing so wouldn't endanger any
person or the community within the meaning of § 1B1.13's policy
statement."  *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir.
2021) (quotation marks omitted).

U.S.S.G. § 1B1.13(b)(2) provides that an extraordinary and
compelling reason for release exists based on the age of the defend-
ant if the defendant (1) is at least 65, (2) "is experiencing a serious
deterioration in physical or mental health because of the aging pro-
cess," and (3) has served the lesser of either 10 years or 75% of his
sentence.  U.S.S.G. § 1B1.13(b)(2).

Here, we cannot say whether the district court properly de-
nied McPherson's motion because the court's order does not pro-
vide any explanation for its denial to allow for meaningful review.
Nothing in the order or the record suggests "how the district court
arrived at its conclusion, including what factors it relied upon."
*Cook*, 998 F.3d at 1185.

---

[1] In particular, the defendant must "fully exhaust[] all administrative rights to
appeal a failure of the Bureau of Prisons to bring a motion on the defendant's
behalf" or wait "30 days from the receipt of such a request by the warden of
the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

In its arguments in the district court, the government put forth three distinct grounds for denying the motion: (1) failure to exhaust administrative remedies; (2) the lack of extraordinary and compelling reasons; and (3) the § 3553(a) factors weighed against a sentence reduction.  On appeal, the government maintains we can affirm on any one of these three grounds.  We disagree.

As best we can tell, the district court did not rely on the alleged failure to exhaust administrative remedies.  The court did not check the box on the form indicating a failure to exhaust, and it indicated that it was denying the motion on the "merits."  Nor is the failure to exhaust apparent from the record, given that McPherson submitted a request to the warden of his institution, and more than 30 days had passed.  So that leaves us with two potential grounds for denial.

Insofar as the district court believed that no extraordinary and compelling ground existed, though, it made no finding as to whether McPherson was "experiencing a serious deterioration in physical or mental health because of the aging process," as he alleged.  U.S.S.G. § 1B1.13(b)(2).  To the extent the court was exercising its discretion to deny the motion, its order does not show that it considered McPherson's arguments or the government's response, and it made no reference to the § 3553(a) factors apart from boilerplate language on the form.  *See Cook*, 998 F.3d at 1185–86; *see also United States v. Douglas*, 576 F.3d 1216, 1220 (11th Cir. 2009)

(stating that a court may "use a form order" to grant or deny a motion, but it "must ensure that the record reflects that it considered the § 3553(a) factors in deciding to reduce a sentence").

We are not persuaded by the government's contention that the district court's prior order on McPherson's 2021 motion for compassionate release adequately covers his 2025 motion, such that no further explanation is necessary. Nearly four years had passed when McPherson filed the 2025 motion, at age 82. And his motion relied on medical developments since the denial of his COVID-pandemic-era motion. We assume without deciding the government is correct that McPherson's current ailments stem from conditions that existed at sentencing and were well managed as of 2021. But those factors do not preclude a conclusion that the aging process had caused a "serious deterioration" in his physical health since that time. *See* U.S.S.G. § 1B1.13(b)(2).

Nor does it necessarily follow that the district court's weighing of the § 3553(a) factors remained the same, given McPherson's advanced age and his allegations of deterioration in his physical condition since 2021. *See, e.g.*, *United States v. Stevens*, 997 F.3d 1307, 1317 (11th Cir. 2021) (concluding that prior denials of motions for a sentence reduction provided "no indication" that the district court considered the "new" arguments raised by the defendant). Because "we cannot simply assume the district court considered all that it must," we vacate the district court's order denying McPherson's motion and remand this matter to the district court for further proceedings. *See Cook*, 998 F.3d at 1186.

For similar reasons, we also vacate the district court's denial of McPherson's motion for redacted copies of the victim-impact statements, which the government submitted in opposition to his 2025 motion for compassionate release. The court did not explain its reasons for denying McPherson's request. So we don't know whether the court even relied on these statements, or, if the court did, why it believed the information should not be disclosed to McPherson. In short, the record does not permit meaningful review of whether the district court abused its discretion in its handling of the victim-impact statements in relation to the denial of McPherson's § 3582(c)(1)(A) motion.

For these reasons, we vacate the district court's orders denying McPherson's motion for compassionate release and his motion for redacted copies of the victim-impact statements. We remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**